UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JOHNNY L. MCGOWAN, JR.           )
                                 )
        *Plaintiff,*             )
v.                               )          No. 1:05-cv-334
                                 )          *Collier*
STEVE CANTRELL, CPL. ROSCOE BYRD, )
CPL. KEVIN PEDDICORD, PETER      )
RICHARD HALL, SANDRA 'SANDY' HALL,)
SGT. STEVE POTTER, WARDEN JACK   )
MORGAN, DEPUTY WARDEN JAMES R.   )
WORTHINGTON, ROBERT WALLS, CPL.  )
DENISE HALL, MATTHEW HAYES, PAUL )
FLANDERS, CPL. ROGER BROWN,      )
RICHARD WILLIAMS, KENNY KNIGHT,  )
CPL. A. STANLEY, TEDDY BLASLER,  )
ANITA GARRETT, OFFICER FNU HARBIN, )
CPL. ROBERT GIBSON, JR., DEREK   )
DAUGHERTY, LARRY BROWN, CPL.     )
JOHN DOE, SHARON HOUSTON, LARRY  )
ASHBURN, CPL. DOUG COOK, FAYE    )
JEFFERS, ROLAND D. COLSON, JIM   )
BROWN, ALLEN CRAIG WILLIAMS,     )
DIANE GILMORE, all in defendants are sued in)
their individual and official capacities; and )
BRUSHY MOUNTAIN PRISON           )
EMPLOYEES UNION,                 )
                                 )
        *Defendants.*            )

## MEMORANDUM and ORDER

Seeking injunctive and monetary relief, Johnny L. McGowan, Jr. ("McGowan"), a prisoner

in the Brushy Mountain Correctional Complex ("BMCC") in Petros, Tennessee, brought this *pro*

*se* civil action under  42 U.S.C. § 1983.  The Court previously dismissed the complaint without

prejudice for failure to exhaust administrative remedies (Court File Nos. 12 & 13) and plaintiff

appealed.  The Sixth Circuit has vacated this Court's judgment and remanded the case to this Court

for further consideration in light of the Supreme Court's recent decision in *Jones v. Bock*, 127 S.Ct.

910 (2007), wherein the Supreme Court overruled a number of rules previously adopted by the Sixth Circuit in light of the Prison Litigation Reform Act.

As the Court observed in its initial memorandum disposing of the case, plaintiff has filed a fifty-three (53) page complaint (Court File No. 2) and over 190 pages of grievances, some of which are duplicates (Court File Nos. 9 & 10). The Court liberally construes *pro se* pleadings and holds *pro se* petitioner's to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the petitioner from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

Plaintiff has several pages of claims, most of which are made in general terms and fail to specify a date when the alleged unconstitutional conduct occurred or provide any factual support to explain the manner in which the alleged wrongful conduct occurred (Court File No. 2, at 29-43). *Pro se* plaintiffs must comply with the Federal Rules of Civil Procedure by submitting the complaint in the required form. Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." For example, in paragraph 103 of his complaint, Plaintiff claims defendants Cantrell and Gilmore have denied him his right to freedom of religion in violation of the First Amendment. In paragraph 104 plaintiff asserts Sgt. Potter denied him due process of law and equal protection under the law. These claims were drafted in complete disregard of the principle that each claim for relief should be pled with clarity and precision so that each of

the plaintiff's claims can be discerned. *See* FED. R. CIV. P. 8(e) and 10(b); *Cramer v. State of Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996).

Accordingly, plaintiff is **DIRECTED** to redraft the complaint for clarity. The Clerk is **DIRECTED** to send plaintiff the proper documents for filing a complaint pursuant to 42 U.S.C. § 1983. Plaintiff **SHALL** file an amended complaint to replace all previous complaints and amendments in this case. Plaintiff is reminded that he is to abide by Federal Rule of Civil Procedure 8(a) which requires the complaint to contain "a short, plain statement of the claim showing the pleader is entitled to relief," and requires that "each averment of a pleading ...be simple, concise, and direct." Plaintiff's amended complaint **SHALL** clearly number and state with clarity and precision **each** claim he wishes to raise and "[e]ach claim founded upon a separate transaction of occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). The redrafted complaint **SHALL** be no more than **twenty-five (25) pages.**[1]

---

[1] "[P]age limits, as well as other restrictions on litigants, are ordinary practices employed by courts to assist in the efficient management of the cases before them." *Cunningham v. Becker*, 96 F.Supp.2d 369, 374 (D.Del. 2000) (citing *Watts v. Thompson*, 116 F.3d 220, 224 (7th Cir. 1997); *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *Weeks v. Angelone*, 176 F.3d 249, 271 (4th Cir.1999); *Oostendorp v. Khanna*, 937 F.2d 1177, 1179 (7th Cir.1991); *Campbell v. Kincheloe*, 829 F.2d 1453, 1467 n. 8 (9th Cir.1987); *In re Continental Airlines, Inc.*, 1995 WL 704783, at *6 (D.Del. Oct.19, 1995); *Brown v. Doe*, 803 F.Supp. 932, 947-48 (S.D.N.Y.1992).

Plaintiff **SHALL** file his redrafted complaint within **thirty (30) days** from the date of this Memorandum and Order. The complaint shall comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court, and the defendants or defendants' counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address or failure to file the redrafted complaint within **thirty (30) days** from the date of this Memorandum and Order will result in the dismissal of this action.

SO ORDERED.

ENTER:


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**